■ BENDERSON DEVELOPMENT COMPANY, INC., Respondent, v LITTON BUSINESS SYSTEMS, INC., Appellant.—Order unanimously modified, on the law, and as modified, affirmed, with costs to defendant, in accordance with the following memorandum: CPLR 205 (a) provides in part: "If an action is timely commenced and is terminated in any other manner than by * * * a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff * * * may commence a new action upon the same [cause of action] within six months". Here, the court erred in holding that the action was timely commenced. The prior action was deemed abandoned and was automatically dismissed for "neglect to prosecute" pursuant to CPLR 3404 when plaintiff failed to move to restore it to the calendar within one year after it had been marked off. After the one-year period, Supreme Court granted plaintiff's motion to vacate his default and to restore the case to the calendar "on the condition that" plaintiff's attorney pay $200 to defendant within 15 days. Thereafter, plaintiff's attorney mailed a $200 check to defendant's attorney and filed a new note of issue. The bank refused to honor the check, however, because of insufficient funds, and defendant moved to strike the note of issue. Supreme Court granted the motion and directed that the complaint be dismissed. This action was brought within six months after we affirmed that order. Nevertheless, the action is untimely; the tolling provision of CPLR 205 does not apply because the prior action was dismissed for "neglect to prosecute" when it was not restored to the calendar within one year (see, Pomerantz v Cave, 10 AD2d 569, lv denied 8 NY2d 707; 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 3404.09, at 34-93). The order vacating plaintiff's default and restoring the case to the calendar was conditional, and since the condition was not fulfilled, the default was not excused and the dismissal for "neglect to

prosecute" was not vacated. Because the action had already been dismissed by operation of CPLR 3404, the direction in the later order dismissing the complaint was surplusage. Accordingly, we grant defendant's motion and dismiss the complaint.

The court properly dismissed defendant's counterclaim for abuse of process because it fails to allege that the summons commencing this civil action was improperly used after it was issued (see, Curiano v Suozzi, 63 NY2d 113, 116-117, and cases cited therein). (Appeal from order of Supreme Court, Erie County, Ricotta, J.—strike answer.) Present—Callahan, J. P., Denman, Boomer, Pine and Lawton, JJ.