Bank of N.Y. Mellon v Joseph (2023 NY Slip Op 02861)

Bank of N.Y. Mellon v Joseph

2023 NY Slip Op 02861

Decided on May 31, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 31, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2020-01153
 (Index No. 512823/18)

[*1]Bank of New York Mellon, etc., respondent,
v
Pamela Joseph, appellant, et al., defendants.

Heslop & Dominique, LLP, Brooklyn, NY (Garfield A. Heslop of counsel), for appellant.
Stim & Warmuth, Farmingville, NY (Glenn P. Warmuth of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Pamela Joseph appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated January 13, 2020. The order denied that defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her, and, in effect, for summary judgment on her counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant Pamela Joseph pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her, and, in effect, for summary judgment on her counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage is granted.
In 2009, the plaintiff commenced an action to foreclose a mortgage (hereinafter the 2009 action) against the defendant Pamela Joseph (hereinafter the defendant), among others. The defendant moved to dismiss the complaint in the 2009 action insofar as asserted against her on the ground of lack of personal jurisdiction. By order dated March 6, 2017, the Supreme Court granted the defendant's motion, upon the plaintiff's failure to appear for a hearing to determine the validity of service of process. Thereafter, the plaintiff moved, inter alia, to vacate its default and to restore the action to the calendar. By order dated August 9, 2017, the court granted the plaintiff's motion "on condition that [the] plaintiff pay $750.00 to [the] defendant [within] 40 days." The plaintiff failed to tender the required payment to the defendant within 40 days. The plaintiff then moved, inter alia, to extend its time to comply with the August 9, 2017 order. By order dated January 24, 2018, the court denied the plaintiff's motion and directed dismissal of the complaint in the 2009 action.
In June 2018, the plaintiff commenced the instant mortgage foreclosure action against the defendant, among others. The defendant moved, inter alia, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her on the ground, among others, that the action was time-barred, and, in effect, for summary judgment on her counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage. By order dated January 13, 2020, the Supreme Court denied the defendant's motion. The defendant appeals.
On a motion to dismiss a complaint pursuant to CPLR 3211(a)(5) on the ground that the statute of limitations has expired, the moving defendant must establish, prima facie, that the time in which to commence the action has expired (see Ross v Jamaica Hosp. Med. Ctr., 122 AD3d 607, 607). A mortgage foreclosure action is subject to a six-year statute of limitations (see CPLR 213[4]). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 867 [internal quotation marks omitted]).
Here, it is undisputed that the mortgage debt was accelerated upon the commencement of the 2009 action. Since the plaintiff did not commence this action until 2018, the defendant sustained her initial burden of demonstrating, prima facie, that the action was untimely (see U.S. Bank N.A. v Derissaint, 193 AD3d 790, 791-792; U.S. Bank Trust, N.A. v Miele, 186 AD3d 526, 528).
Where, as here, a defendant satisfies the initial burden of proof on a motion pursuant to CPLR 3211(a)(5), "'the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether the plaintiff actually commenced the action within the applicable limitations period'" (U.S. Bank N.A. v Nail, 203 AD3d 1095, 1097, quoting U.S. Bank N.A. v Vitolo, 182 AD3d 627, 628 [internal quotation marks omitted]).
CPLR 205-a provides, in relevant part: "If an action upon an instrument described under [CPLR 213(4)] is timely commenced and is terminated in any manner other than a voluntary discontinuance, a failure to obtain personal jurisdiction over the defendant, a dismissal of the complaint for any form of neglect, including, but not limited to those specified in [CPLR 3126(3), 3215, 3216, and 3404], for violation of any court rules or individual part rules, for failure to comply with any court scheduling orders, or by default due to nonappearance for conference or at a calendar call, or by failure to timely submit any order or judgment, or upon a final judgment upon the merits, the original plaintiff . . . may commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months following the termination, provided that the new action would have been timely commenced within the applicable limitations period prescribed by law at the time of the commencement of the prior action and that service upon the original defendant is completed within such six-month period."
Here, assuming that the saving provision of CPLR 205-a would otherwise apply, the instant action was not commenced within the six-month period after the 2009 action was dismissed. Contrary to the plaintiff's contention, since the August 9, 2017 order restoring the case to the calendar was conditional, and the condition was not fulfilled, the action was never restored to the calendar and the March 6, 2017 order granting the plaintiff's motion to dismiss the complaint in the 2009 action insofar as asserted against her remained effective (see Martin v Dormitory Auth. of the State of N.Y., 208 AD3d 576, 577; Benderson Dev. Co. v Litton Bus. Sys., Inc., 130 AD2d 941, 941-942). Therefore, the plaintiff's commencement of the instant action in June 2018 was untimely.
The defendant's remaining contentions need not be addressed in light of our determination.
Accordingly, we reverse the order and grant the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her, and, in effect, for summary judgment on her counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage.
BARROS, J.P., MALTESE, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court