Johnson v Cascade Funding Mtge. Trust 2017-1 (2023 NY Slip Op 05393)

Johnson v Cascade Funding Mtge. Trust 2017-1

2023 NY Slip Op 05393

Decided on October 25, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 25, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2021-02654
 (Index No. 500932/19)

[*1]Robert Johnson, et al., appellants, 
v
Cascade Funding Mortgage Trust 2017-1, respondent, et al., defendant.

Law Office of Frank J. Haupel, PLLC, Rye Brook, NY, for appellants.
McCarter & English, LLP, New York, NY (Adam M. Swanson and Trevor J. Larrubia of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, pursuant to RPAPL 1501(4) to cancel and discharge of record a mortgage and for declaratory relief, the plaintiffs appeal from an order of the Supreme Court, Putnam County (Victor G. Grossman, J.), dated March 22, 2021. The order, insofar as appealed from, denied that branch of the plaintiffs' motion which was for summary judgment on the complaint insofar as asserted against the defendant Cascade Funding Mortgage Trust 2017-1, in effect, denied that branch of the plaintiffs' motion which was for summary judgment dismissing that defendant's counterclaim, granted that branch of that defendant's cross-motion which was to dismiss the complaint insofar as asserted against it, and searched the record and awarded summary judgment to that defendant declaring that the subject mortgage was not null and void.
ORDERED that the order is modified, on the law, by deleting the provisions thereof (1) denying those branches of the plaintiffs' motion which were for summary judgment on the first and second causes of action insofar as asserted against the defendant Cascade Funding Mortgage Trust 2017-1, (2) in effect, denying that branch of the plaintiffs' motion which was for summary judgment dismissing the counterclaim of the defendant Cascade Funding Mortgage Trust 2017-1, (3) granting those branches of the cross-motion of the defendant Cascade Funding Mortgage Trust 2017-1 which were to dismiss the first and second causes of action insofar as asserted against it, and (4) searching the record and awarding summary judgment to the defendant Cascade Funding Mortgage Trust 2017-1 declaring that the subject mortgage was not null and void; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Putnam County, for further proceedings in accordance herewith.
On October 25, 2006, the plaintiffs, Robert Johnson and Christine Johnson (hereinafter together the Johnsons), executed a note in the amount of $550,000 in favor of nonparty Flagstar Bank, FSB (hereinafter Flagstar). The note was secured by a mortgage on certain real property located in Putnam Valley. On September 26, 2011, Flagstar commenced an action to foreclose the mortgage against the Johnsons, among others (hereinafter the 2011 foreclosure action), and elected to call due the entire amount secured by the mortgage. The mortgage was assigned several times during the pendency of the 2011 foreclosure action, and on October 4, 2017, it was assigned to Cascade Funding Mortgage Trust 2017-1 (hereinafter Cascade).
In an order dated March 5, 2019, the Supreme Court granted dismissal of the 2011 foreclosure action on the ground that Flagstar failed to comply with RPAPL 1304.
In June 2019, the Johnsons commenced this action pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage, for a judgment declaring that the mortgage is unenforceable as against them (first and second causes of action), and for an award of attorneys' fees pursuant to Real Property Law § 282 (third cause of action) against Cascade, among others. On September 4, 2019, Cascade interposed an answer, asserting, inter alia, a counterclaim to foreclose the mortgage. The Johnsons replied to the counterclaim, asserting various affirmative defenses, including that the counterclaim was time-barred. Thereafter, the Johnsons moved, among other things, for summary judgment on the complaint insofar as asserted against Cascade and dismissing the counterclaim. Cascade opposed the motion and cross-moved, inter alia, to dismiss the complaint insofar as asserted against it for failure to state a cause of action.
In an order dated March 22, 2021, the Supreme Court, inter alia, denied that branch of the Johnsons' motion which was for summary judgment on the complaint insofar as asserted against Cascade, in effect, denied that branch of the Johnsons' motion which was for summary judgment dismissing the counterclaim, granted that branch of the cross-motion of Cascade which was to dismiss the complaint insofar as asserted against it, and searched the record and awarded summary judgment to Cascade declaring that the subject mortgage was not null and void. The Johnsons appeal.
RPAPL 1501(4) provides that "[w]here the period allowed by the applicable statute of limitation for the commencement of an action to foreclose a mortgage . . . has expired, any person having an estate or interest in the real property subject to such encumbrance may maintain an action . . . to secure the cancellation and discharge of record of such encumbrance, and to adjudge the estate or interest of the plaintiff in such real property to be free therefrom" (see Bank of Am., N.A. v Scher, 205 AD3d 985, 987).
An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]; Kashipour v Wilmington Sav. Fund Socy., FSB, 144 AD3d 985, 986; Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 867). "'[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt'" (Nationstar Mtge., LLC v Weisblum, 143 AD3d at 867, quoting EMC Mtge. Corp. v Patella, 279 AD2d 604, 605). "An acceleration of a mortgage debt can occur when a creditor commences an action to foreclose upon a note and mortgage and seeks, in the complaint, payment of the full balance due" (Wells Fargo Bank, N.A. v Lefkowitz, 171 AD3d 843, 844 [internal quotation marks omitted]).
Here, in support of their motion, the Johnsons established, prima facie, that the mortgage debt was accelerated on September 26, 2011, when Flagstar commenced the 2011 foreclosure action and elected to call due the entire amount secured by the mortgage in the complaint (see U.S. Bank N.A. v Outlaw, 217 AD3d 721, 722; U.S. Bank N.A. v Doura, 204 AD3d 721, 723). The Johnsons further demonstrated, prima facie, that since the subsequent foreclosure action, in the form of a counterclaim, was commenced on September 4, 2019, more than six years later, it was time-barred (see CPLR 213[4]; U.S. Bank N.A. v Outlaw, 217 AD3d at 722-723; U.S. Bank N.A. v Doura, 204 AD3d at 723).
In opposition, Cascade argued that this action was timely commenced pursuant to CPLR 205(a), as it was commenced within six months of the Supreme Court granting dismissal of the 2011 foreclosure action. However, the recently enacted Foreclosure Abuse Prevention Act (hereinafter "FAPA") (see L 2022, ch 821), replaced the savings provision of CPLR 205(a) with CPLR 205-a in actions upon instruments described in CPLR 213(4) (see id. § 205[c]). Under CPLR 205-a(a), "[i]f an action upon an instrument described under [CPLR 213(4)] is timely commenced and is terminated in any manner other than a voluntary discontinuance, a failure to obtain personal jurisdiction over the defendant, a dismissal of the complaint for any form of neglect, including, but not limited to those specified in [CPLR 3126(3)], [CPLR 3215], [CPLR 3216] and [CPLR 3404] . [*2]. . , or upon a final judgment upon the merits, the original plaintiff . . . may commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months following the termination, provided that the new action would have been timely commenced within the applicable limitations period prescribed by law at the time of the commencement of the prior action and that service upon the original defendant is completed within such six-month period." CPLR 205-a(a) further provides that "[f]or purposes of this subdivision: 1. a successor in interest or an assignee of the original plaintiff shall not be permitted to commence the new action, unless pleading and proving that such assignee is acting on behalf of the original plaintiff."
Here, the Supreme Court granted dismissal of the 2011 foreclosure action for failure to comply with RPAPL 1304 on March 5, 2019. However, while Cascade established that it interposed its counterclaim to foreclose the mortgage within the six-month period provided under CPLR 205-a on September 4, 2019, Cascade is an assignee of the original plaintiff and has not pleaded nor proved that it is acting on behalf of the original plaintiff. Therefore, Cascade is not entitled to the benefit of the savings provision of CPLR 205-a.
However, Cascade challenges the constitutionality of FAPA, contending, inter alia, that retroactive application of FAPA would violate the Due Process Clause of the United States Constitution. Inasmuch as the Supreme Court did not consider the issues relating to the constitutionality of FAPA in determining the branches of the Johnsons' motion and Cascade's cross-motion which were addressed to the first and second causes of action insofar as asserted against Cascade and Cascade's counterclaim, we remit the matter to the Supreme Court, Putnam County, for consideration thereof, after any further briefing, argument, and hearing that the court deems appropriate, and for a new determination of those branches of the motion and cross-motion thereafter.
However, contrary to the Johnsons' contention, they are not entitled to an award of attorneys' fees pursuant to Real Property Law § 282 in connection with the Supreme Court granting dismissal of the 2011 foreclosure action, as they have not established that they are a prevailing party within the meaning of that statute (see U.S. Bank N.A. v Krakoff, 199 AD3d 859, 863). Accordingly, the court properly denied that branch of the Johnsons' motion which was for summary judgment on the third cause of action and properly granted that branch of Cascade's cross-motion which was to dismiss the third cause of action insofar as asserted against it.
Moreover, the Johnsons' contentions that any alleged failure to comply with a condition precedent deprived Cascade of the ability to take advantage of CPLR 205(a) (see generally HSBC Bank USA, N.A. v Perry, 178 AD3d 685, 686) and that because the Supreme Court granted dismissal of the 2011 foreclosure action for failure to comply with RPAPL 1304, Cascade was not entitled to the protection of CPLR 205(a) (see CitiMortgage, Inc. v Moran, 188 AD3d 407, 408; Sabbatini v Galati, 43 AD3d 1136, 1139), are without merit.
IANNACCI, J.P., CHAMBERS, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court