U.S. Bank N.A. v Jarrett (2024 NY Slip Op 06075)

U.S. Bank N.A. v Jarrett

2024 NY Slip Op 06075

Decided on December 4, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 4, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
WILLIAM G. FORD
LILLIAN WAN
CARL J. LANDICINO, JJ.

2023-06166
 (Index No. 502829/20)

[*1]U.S. Bank National Association, etc., appellant,
v
Maureen Jarrett, etc., et al., respondents, et al., defendants.

J. Robbin Law, PLLC, Armonk, NY (Jacquelyn A. DiCicco and Jonathan M. Robbin of counsel), for appellant.
Heslop & Dominique, LLP, Brooklyn, NY (Garfield A. Heslop of counsel), for respondents.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated March 17, 2023. The order denied the plaintiff's motion, inter alia, for an extension of time to serve the defendants Maureen Jarrett and Hugh D. Jarrett with process and for leave to serve them by publication and granted those defendants' cross-motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
On June 28, 2007, the defendant Maureen Jarrett executed a note in the amount of $505,750. The note was secured by a mortgage that was executed by Maureen Jarrett and the defendant Hugh D. Jarrett (hereinafter together the defendants). In August 2011, the plaintiff's predecessor in interest commenced an action against, among others, the defendants to foreclose the mortgage (hereinafter the 2011 action). In an order dated July 29, 2016, the Supreme Court directed the predecessor in interest to move for an order of reference within 90 days. Thereafter, in an order dated November 22, 2016, the court again directed the predecessor in interest to move for an order of reference within 90 days and warned that its failure to do so would result in dismissal of the 2011 action. The 2011 action was dismissed on February 28, 2017.
In June 2017, the mortgage was assigned to the plaintiff. The plaintiff moved to vacate the dismissal of the 2011 action, but the Supreme Court denied that motion in an order dated July 5, 2019. On February 5, 2020, the plaintiff commenced this action to foreclose the mortgage. In August 2020, the plaintiff moved, inter alia, for an extension of time to serve the defendants with process and for leave to serve them by publication. The defendants cross-moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them as untimely. In an order dated March 17, 2023, the court denied the plaintiff's motion and granted the defendants' cross-motion. The plaintiff appeals.
An action to foreclose a mortgage is subject to a six-year statute of limitations (see [*2]CPLR 213[4]). "[E]ven if the mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (Bush N Stuy Corp. v Bayview Loan Servicing, LLC, 215 AD3d 916, 918 [internal quotation marks omitted]). Here, the defendants established, prima facie, that the statute of limitations began to run on the entire debt in 2011, when the plaintiff's predecessor in interest commenced the 2011 action and elected to call due the entire amount secured by the mortgage (see Deutsche Bank Natl. Trust Co. v Heitner, 226 AD3d 967; U.S. Bank N.A. v Outlaw, 217 AD3d 721, 722). The defendants further demonstrated, prima facie, that since the plaintiff did not commence this action until 2020, more than six years later, this action was time-barred (see CPLR 213[4]; Deutsche Bank Natl. Trust Co. v Heitner, 226 AD3d at 967).
In opposition, the plaintiff contends that the action was timely because it was commenced within the applicable six-month extension period afforded by CPLR 205(a). However, under the recently enacted CPLR 205-a(a) of the Foreclosure Abuse Prevention Act (L 2022, ch 821), the plaintiff is not entitled to the benefit of the savings provision because the 2011 action was dismissed for a "form of neglect" upon the failure of the plaintiff's predecessor in interest to move for an order of reference within 90 days from the issuance of the order dated November 22, 2016 (see CPLR 205-a[a]; U.S. Bank N.A. v Armand, 220 AD3d 963, 966). Moreover, the plaintiff is not the "original plaintiff" or acting on behalf of the original plaintiff that commenced the 2011 action and was only assigned the mortgage after that action was dismissed (CPLR 205-a[a][1]; see Johnson v Cascade Funding Mtge. Trust 2017-1, 220 AD3d 929, 932), nor did the plaintiff complete service of the summons and complaint in the instant action within six months after the termination of the 2011 action (see CPLR 205-a[a]; Bank of N.Y. Mellon v Joseph, 216 AD3d 1132, 1134). Accordingly, the Supreme Court properly denied the plaintiff's motion, inter alia, for an extension of time to serve the defendants with process and for leave to serve them by publication and properly granted the defendants' cross-motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them as untimely.
The plaintiff contends that applying CPLR 205-a retroactively to render the action time-barred would be unconstitutional and that the six-month savings provision of CPLR 205(a) should be applied. Under CPLR 205(a), in order to qualify for the six-month extension, service must be "effected" on the defendants within the six-month period following the termination of the prior action, among other requirements (CPLR 205[a]; see Deutsche Bank Natl. Trust Co. v Heitner, 226 AD3d at 969). Here, the plaintiff is not entitled to the benefit of the savings provision of CPLR 205(a) because the plaintiff failed to effect service on the defendants within six months of the termination of the 2011 action (see CPLR 205[a]; U.S. Bank N.A. v Navarro, 188 AD3d 1282, 1283-1284). Thus, because the action is untimely whether CPLR 205(a) or CPLR 205-a is applied, the plaintiff's contention regarding the constitutionality of applying CPLR 205-a to this case, rather than CPLR 205(a), need not be addressed (see Deutsche Bank Natl. Trust Co. v Booker, 221 AD3d 579, 582).
Accordingly, we affirm the order of the Supreme Court.
The plaintiff's remaining contentions need not be reached in light of our determination.
BARROS, J.P., FORD, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court