Bank v Guzzetti (2025 NY Slip Op 04116)

Bank v Guzzetti

2025 NY Slip Op 04116

Decided on July 9, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 9, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
LILLIAN WAN
PHILLIP HOM, JJ.

2023-09905
 (Index No. 203761/22)

[*1]Raymond James Bank, respondent, 
v
John Guzzetti, etc., appellant, et al., defendants.

Rosenberg & Estis, P.C., New York, NY (Christopher A. Gorman of counsel), for appellant.
McMichael Taylor Gray, LLC, Saratoga Springs, NY (Dana M. Carrera of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant John Guzzetti appeals from an order of the Supreme Court, Suffolk County (Christopher Modelewski, J.), dated September 1, 2023. The order denied that defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him and to cancel a notice of pendency filed against the subject property.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant John Guzzetti pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him and to cancel the notice of pendency filed against the subject property is granted.
In April 2015, the plaintiff commenced an action to foreclose a mortgage encumbering certain real property located in Dix Hills against the defendant John Guzzetti (hereinafter the defendant), among others, and elected to call due the entire amount secured by the mortgage (hereinafter the prior action). Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, and for an order of reference, and the defendant cross-moved, among other things, for summary judgment dismissing the complaint insofar as asserted against him. In an order dated May 24, 2019, the Supreme Court granted the plaintiff's motion and denied the defendant's cross-motion. In a judgment of foreclosure and sale dated November 14, 2019, the court directed the sale of the property. On appeal, in a decision and order dated February 9, 2022, this Court, reversed the judgment of foreclosure and sale and denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, and for an order of reference (see Raymond James Bank, NA v Guzzetti, 202 AD3d 841).
In March 2022, the defendant moved for leave to renew his prior cross-motion, inter alia, for summary judgment dismissing the complaint insofar as asserted against him. The plaintiff cross-moved pursuant to CPLR 3217(b) to discontinue the prior action and to cancel a notice of pendency filed against the property. The defendant opposed the plaintiff's cross-motion. In an order dated April 25, 2022, the Supreme Court, in effect, granted the plaintiff's cross-motion, canceled the notice of pendency, discharged the referee, and discontinued the prior action "without prejudice" and "with leave to refile under CPLR § 205(a)."
In October 2022, the plaintiff commenced this action to foreclose the mortgage against, among others, the defendant. The defendant moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him on the ground, among others, that it was untimely and to cancel a notice of pendency filed against the property. In an order dated September 1, 2023, the Supreme Court denied the motion. The defendant appeals.
On a motion to dismiss a complaint pursuant to CPLR 3211(a)(5) on the ground that the statute of limitations has expired, the moving defendant must establish, prima facie, that the time in which to commence the action has expired (see Bank of N.Y. Mellon v Joseph, 216 AD3d 1132, 1133).
An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). Even if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the statute of limitations begins to run on the entire debt (see Wells Fargo Bank, N.A. v Edwards, 231 AD3d 1189, 1192; Everhome Mtge. Co. v Aber, 195 AD3d 682, 683, affd 39 NY3d 949). Acceleration occurs, among other things, by the commencement of a foreclosure action wherein the holder of the note elects in the complaint to call due the entire amount secured by the mortgage (see Wells Fargo Bank, N.A. v Edwards, 231 AD3d at 1192).
Here, it is undisputed that the statute of limitations began to run on April 16, 2015, when the plaintiff commenced the prior action and accelerated the debt (see id. at 1193). The plaintiff did not commence this action until October 25, 2022, more than six years later (see id.).
The plaintiff contends that this action was timely commenced within the six-month period provided by CPLR 205(a). However, the Foreclosure Abuse Prevention Act (L 2022, ch 821) replaced the savings provision of CPLR 205(a) with CPLR 205-a in actions upon instruments described in CPLR 213(4) (see U.S. Bank N.A. v Armand, 220 AD3d 963, 966). Under CPLR 205-a(a), "[i]f an action upon an instrument described under [CPLR 213(4)] is timely commenced and is terminated in any manner other than [,among other things,] a voluntary discontinuance, . . . the original plaintiff . . . may commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months following the termination" (see Johnson v Cascade Funding Mtge. Trust 2017-1, 220 AD3d 929, 931-932). The prior action was discontinued upon the plaintiff's cross-motion requesting that relief. Under these circumstances, the prior action was voluntarily discontinued by the plaintiff, and thus, the plaintiff is precluded from taking advantage of the six-month savings provision (see Islam v 495 McDonald Ave., LLC, 216 AD3d 751, 752). Accordingly, the Supreme Court should have granted that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him.
Since the defendant was entitled to dismissal of the complaint insofar as asserted against him, the Supreme Court also should have granted that branch of his motion which was to cancel the notice of pendency (see Bayview Loan Servicing, LLC v Starr-Klein, 193 AD3d 807, 808; Citibank, N.A. v Herman, 125 AD3d 587, 589).
CHAMBERS, J.P., MILLER, WAN and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court