U.S. Bank Trust N.A. v Pluchino (2025 NY Slip Op 07330)

U.S. Bank Trust N.A. v Pluchino

2025 NY Slip Op 07330

Decided on December 24, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
VALERIE BRATHWAITE NELSON
DEBORAH A. DOWLING
LOURDES M. VENTURA, JJ.

2023-12022
 (Index No. 616732/22)

[*1]U.S. Bank Trust National Association, etc., appellant,
v
Paul Pluchino, et al., defendants, Julie M. Pluchino, respondent.

Hinshaw & Culbertson LLP, New York, NY (Margaret J. Cascino and Alexandria Kaminiski of counsel), for appellant.
Fred M. Schwartz, Smithtown, NY (Sara E. Levine of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Robert F. Quinlan, J.), dated November 27, 2023. The order denied the plaintiff's motion, inter alia, for summary judgment on the amended complaint insofar as asserted against the defendant Julie M. Pluchino and granted that defendant's cross-motion for summary judgment dismissing the amended complaint insofar as asserted against her.
ORDERED that the order is affirmed, with costs.
In 2014, nonparty Citibank, NA (hereinafter Citibank), commenced an action against the defendant Julie M. Pluchino (hereinafter the defendant), among others, to foreclose a mortgage on certain real property located in West Babylon (hereinafter the 2014 action). In August 2021, the Supreme Court dismissed the 2014 foreclosure action based on Citibank's failure to demonstrate its compliance with RPAPL 1304 and, in turn, a condition precedent to foreclosure. Citibank appealed, and that appeal was subsequently deemed dismissed based on Citibank's failure to timely perfect its appeal.
Subsequently, the mortgage and note were assigned to the plaintiff. In August 2022, the plaintiff commenced this action against the defendant, among others, to foreclose the mortgage. The defendant interposed an answer, asserting a counterclaim and several affirmative defenses, including that this action was time-barred.
The plaintiff moved, inter alia, for summary judgment on the amended complaint insofar as asserted against the defendant. The defendant cross-moved for summary judgment dismissing the amended complaint insofar as asserted against her on the ground, among others, that the action was time-barred. The Supreme Court denied the plaintiff's motion and granted the defendant's cross-motion. The plaintiff appeals.
An action to foreclose a mortgage is governed by a six-year statute of limitations (see CPLR 213[4]). "Where the mortgage debt is accelerated, the entire balance of the debt accrues and the statute of limitations begins to run on the entire debt" (HSBC Bank USA v Lem, 236 AD3d 762, [*2]764; see Wilmington Trust Co. v Yonkus, 224 AD3d 863, 864).
Here, the defendant demonstrated, prima facie, that the six-year statute of limitations (see CPLR 213[4]) began to run on the entire mortgage debt in 2014, when Citibank commenced the 2014 action against the defendant, and that this action was commenced more than six years later and is, therefore, time-barred (see Wilmington Trust Co. v Yonkus, 224 AD3d at 864). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether the plaintiff had actually commenced this action within the applicable limitations period (see id. at 864-865).
The plaintiff contends that this action was timely because it was commenced within the applicable six-month extension period afforded by CPLR 205(a). However, under the Foreclosure Abuse Prevention Act (FAPA) (L 2022, ch 821 [eff Dec. 30, 2022]), "the savings provision of CPLR 205(a) was replaced with CPLR 205-a in actions upon instruments described in CPLR 213(4)" (HSBC Bank USA v Lem, 236 AD3d at 764; see Deutsche Bank Natl. Trust Co. v Heitner, 226 AD3d 967, 968). Pursuant to CPLR 205-a, where an action upon an instrument described under CPLR 213(4) is timely commenced and is not terminated on certain enumerated grounds, "the original plaintiff . . . may commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months following the termination, provided that the new action would have been timely commenced . . . and that service upon the original defendant is completed within such six-month period" (id. § 205-a[a]; see HSBC Bank USA v Lem, 236 AD3d at 764-765).
Here, the plaintiff is not the "original plaintiff" or acting on behalf of the original plaintiff, namely Citibank, which commenced the 2014 action, and thus the Supreme Court correctly concluded that the plaintiff cannot avail itself of CPLR 205-a (see CPLR 205-a[a][1]; Johnson v Cascade Funding Mtge. Trust 2017-1, 220 AD3d 929, 932).
The plaintiff's arguments challenging FAPA's retroactive application and constitutionality under the United States Constitution are without merit (see Article 13 LLC v Ponce De Leon Fed. Bank, ___NY3d___, 2025 NY Slip Op 06536; Van Dyke v U.S. Bank, N.A.,___NY3d___, 2025 NY Slip Op 06537).
The plaintiff's remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, the Supreme Court properly granted the defendant's cross-motion for summary judgment dismissing the amended complaint insofar as asserted against her as time-barred, and denied the plaintiff's motion, inter alia, for summary judgment on the amended complaint insofar as asserted against the defendant.
LASALLE, P.J., BRATHWAITE NELSON, DOWLING and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court