U.S. Bank, N.A.. v Benjamin

2026 NY Slip Op 02146

April 8, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

U.S. Bank, National Association, etc., respondent- appellant,

v

Chittra Benjamin, etc., appellant- respondent, et al., defendants. PM Law P.C., Forest Hills, NY (Pankaj Malik of counsel), for appellant-respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 8, 2026

2019-11144, (Index No. 702189/19)

Mark C. Dillon, J.P.

Cheryl E. Chambers

Lillian Wan

James P. McCormack, JJ.

McCalla Raymer Leibert Pierce, LLC, New York, NY (Sean Howland of counsel), for respondent-appellant.

[*1]

DECISION & ORDER

In an action to foreclose a mortgage, the defendant Chittra Benjamin appeals, and the plaintiff cross-appeals, from an order of the Supreme Court, Queens County (Robert I. Caloras, J.), entered September 9, 2019. The order, insofar as appealed from, denied those branches of the motion of the defendant Chittra Benjamin and David Benjamin which were pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against the defendant Chittra Benjamin and pursuant to Real Property Law § 282 for an award of attorneys' fees and costs. The order, insofar as cross-appealed from, granted that branch of the motion of the defendant Chittra Benjamin and David Benjamin which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against David Benjamin.

ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendant Chittra Benjamin and David Benjamin which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against the defendant Chittra Benjamin, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with costs to the defendant Chittra Benjamin payable by the plaintiff.

On May 25, 2007, David Benjamin (hereinafter the decedent) executed a note in the sum of $594,000, which was secured by a mortgage executed by the decedent and the defendant Chittra Benjamin (hereinafter Chittra and, together with the decedent, the Benjamins) on certain residential property located in South Ozone Park. In December 2008, the mortgage and note were assigned to LaSalle Bank, N.A. (hereinafter LaSalle).

On January 8, 2009, LaSalle commenced an action (hereinafter the 2009 action) against the Benjamins, among others, to foreclose the mortgage. The decedent interposed an answer, but Chittra did not. In a decision dated September 9, 2009, the Supreme Court, among other things, determined that LaSalle's motion, inter alia, for summary judgment on the complaint insofar as asserted against the decedent, to strike the decedent's answer, and for an order of reference should be granted. On September 17, 2014, LaSalle's successor in interest assigned the mortgage to the [*2]plaintiff, U.S. Bank, National Association (hereinafter U.S. Bank). In an order entered December 15, 2015 (hereinafter the December 2015 order), the court, among other things, vacated the decision dated September 9, 2009, in effect, granted that branch of the Benjamins' motion which was pursuant to CPLR 3215 to dismiss the complaint insofar as asserted against Chittra as abandoned, and thereupon, directed dismissal of the complaint in its entirety on the ground that Chittra was a necessary party. In a decision and order dated September 12, 2018, this Court affirmed the December 2015 order (see LaSalle Bank N.A. v Benjamin, 164 AD3d 1223).

On February 7, 2019, U.S. Bank commenced this action against the Benjamins, among others, to foreclose the mortgage. The Benjamins moved pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them as barred by the statute of limitations or, alternatively, as barred by the doctrine res judicata and pursuant to Real Property Law § 282 for an award of attorneys' fees and costs. U.S. Bank opposed the motion. In an order entered September 9, 2019, the Supreme Court, inter alia, granted that branch of the Benjamins' motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against the decedent, denied that branch of the motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against Chittra, and denied that branch of the motion which was pursuant to Real Property Law § 282 for an award of attorneys' fees and costs. The Benjamins appealed, and U.S. Bank cross-appealed. During the pendency of the appeal, the decedent died, and Chittra, as administrator of the decedent's estate, was substituted for the decedent.

"On a motion to dismiss a cause of action pursuant to CPLR 3211(a)(5) on the ground that it is barred by the statute of limitations, a defendant bears the initial burden of establishing, prima facie, that the time in which to sue has expired" (Wells Fargo Bank, N.A. v Burke, 155 AD3d 668, 669; see Deutsche Bank Natl. Trust Co. v Pena, 240 AD3d 475). "The burden then shift[s] to the plaintiff to present admissible evidence establishing that the action was timely or to raise a question of fact as to whether the action was timely" (U.S. Bank N.A. v Martin, 144 AD3d 891, 892). An action to foreclose a mortgage is governed by a six-year statute of limitations (see CPLR 213[4]). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the statute of limitations begins to run on the entire debt" (Bank of N.Y. Mellon v Mor, 201 AD3d 691, 694; see U.S. Bank N.A. v Connor, 204 AD3d 861, 862-863). The entire mortgage debt will be deemed to have been accelerated, as relevant here, by the commencement of a mortgage foreclosure action in which the complaint seeks payment of the full outstanding loan balance (see U.S. Bank N.A. v Connor, 204 AD3d at 863).

Here, the Benjamins established, prima facie, that the mortgage debt was accelerated and the statute of limitations began to run on January 8, 2009, when LaSalle commenced the 2009 action. Thus, the statute of limitations expired on January 8, 2015. This foreclosure action was commenced on February 7, 2019, more than four years later. In opposition, U.S. Bank failed to sustain its burden of establishing that the action was timely or to raise a question of fact as to whether the action was timely.

Contrary to U.S. Bank's contention, it is not entitled to the benefit of the six-month savings provision under CPLR 205(a) to commence a new mortgage foreclosure action, because the Foreclosure Abuse Prevention Act (FAPA) (L 2022, ch 821 [eff Dec 30, 2022]) replaced the savings provision of CPLR 205(a) with CPLR 205-a in actions upon instruments described in CPLR 213(4) (see id. § 205[c]; Wells Fargo Bank, N.A. v Brandt, 230 AD3d 623, 625). U.S. Bank's contentions that FAPA and, more specifically, CPLR 205-a do not apply retroactively are without merit (see Deutsche Bank Natl. Trust Co. v Vista Holding, LLC, 239 AD3d 830; 97 Lyman Ave., LLC v MTGLQ Invs., L.P., 233 AD3d 1038, 1042). Contrary to U.S. Bank's contention, the retroactive application of FAPA does not violate the Due Process Clause of either the United States Constitution or the New York State Constitution (see Deutsche Bank Natl. Trust Co. v Feurtado, 241 AD3d 499; Deutsche Bank Natl. Trust Co. v Dagrin, 233 AD3d 1065, 1069; 97 Lyman Ave., LLC v MTGLQ Invs., L.P., 233 AD3d at 1039-1042).

As relevant here, under CPLR 205-a, "[i]f an action upon an instrument described [*3]under [CPLR 213(4)] is timely commenced and is terminated in any manner other than [, among other things,] a dismissal of the complaint for any form of neglect, including, but not limited to those specified in [CPLR 3215], the original plaintiff, or, if the original plaintiff dies and the cause of action survives, his or her executor or administrator, may commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months following the termination" (U.S. Bank Trust, N.A. v Giangrande, 229 AD3d 834, 836 [internal quotation marks omitted]). Thus, under CPLR 205-a, a mortgage foreclosure plaintiff "may not take advantage of the six-month savings provision if the prior action was dismissed pursuant to CPLR 3215" (Deutsche Bank Natl. Tr. Co. v Feurtado, 241 AD3d at 501). Additionally, CPLR 205-a(a)(1) provides that "a successor in interest or an assignee of the original plaintiff shall not be permitted to commence the new action, unless pleading and proving that such assignee is acting on behalf of the original plaintiff."

Here, U.S. Bank was not the original plaintiff in the 2009 action and it has neither pleaded nor proved that it is acting on behalf of the original plaintiff. Accordingly, U.S. Bank failed to demonstrate that it is entitled to the benefit of the six-month savings provision of CPLR 205-a to commence a new mortgage foreclosure action against either Chittra or Benjamin (see Johnson v Cascade Funding Mtge. Tr. 2017-1, 220 AD3d 929, 932).

Moreover, U.S. Bank is not entitled to the benefit of CPLR 205-a with respect to a cause of action against Chittra to foreclose the mortgage for the additional reason that the complaint insofar as asserted against Chittra in the 2009 action was dismissed pursuant to CPLR 3215 (see id. § 205-a[a]; Collins v Bank of N.Y. Mellon, 227 AD3d 948, 951; LaSalle Bank v Benjamin, 164 AD3d 1223).

Accordingly, the Supreme Court properly granted that branch of the Benjamins' motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against the decedent. However, the court should have granted that branch of the motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against Chittra.

In light of our determination, we need not reach the issue of whether the complaint is subject to dismissal under the doctrine of res judicata, which the Benjamins raised as an alternative ground for dismissal pursuant to CPLR 3211(a)(5) (see Jones v Flushing Bank, 212 AD3d 791, 793; Montoute v Wells Fargo Bank, N.A., 208 AD3d 474, 475).

The Supreme Court properly denied that branch of the Benjamins' motion which was pursuant to Real Property Law § 282 for an award of attorneys' fees and costs. Real Property Law § 282(1) expressly provides that attorneys' fees are recoverable by a mortgagor only "in an action commenced against the mortgagee or by way of counterclaim in any action or proceeding commenced by the mortgagee against the mortgagor." Here, the Benjamins have not asserted a counterclaim for an award of attorneys' fees pursuant to Real Property Law § 282 (see U.S. Bank N.A. v Armand, 220 AD3d 963, 967; cf. Nationstar Mtge., LLC v Dorsin, 180 AD3d 1054, 1057).

DILLON, J.P., CHAMBERS, WAN and MCCORMACK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court